DANIEL L. HARRALSON, #109322
Attorney at Law
Post Office Box 26688
Fresno, California 93729-6688
Telephone (559) 486-4560
Facsimile (559) 486-4320
harralsonlaw@sbcglobal.net

Attorney for Plaintiff: MARLENE McDONALD

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE McDONALD,<br><br>    Plaintiff,<br><br>vs.<br><br>"AMTRAK" aka NATIONAL RAILROAD PASSENGER CORPORATION and DOES 1 THROUGH 100 INCLUSIVE,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity jurisdiction) and 49 U.S.C.S. § 24301.

2. This Court has supplemental jurisdiction over the state law claims make herein pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that defendant has sufficient contacts to subject it to personal jurisdiction in the Eastern District of California.

\\\

\\\

## PARTIES

4. Plaintiff is an adult individual residing in California, and is a citizen of the United States of America.

5. Defendant is a corporation with its principal office and place of business in the District of Columbia, and doing business at 30th Street Station, 30th and Market Streets, 5th Floor, Philadelphia, PA., 19104.

## ALLEGATIONS PERTINANT TO ALL COUNTS

6. On August 14, 2019, Plaintiff **MARLENE McDONALD** was traveling on an **AMTRAK** passenger train. Plaintiff had departed Stockton, California and arrived and stopped in Fresno, California

7. As the train stopped in Fresno, California, Plaintiff arose to gather their things and begin the departure process. As Plaintiff, **MARLENE McDONALD** was attempting to gather her carry on luggage, the train apparently lunged forward and back, jerked violently causing Plaintiff to be thrown to the floor in front of the departure door with her head partially outside the door causing Plaintiff to suffer physical injuries.

8. Plaintiff, **MARLENE McDONALD** suffered serious injuries to her entire body which required continuous hospitalization and rehabilitation. Thereafter he has received treatment and has been and continues to require further hospitalized and treatment for the injuries he suffered as a result of the above mentioned fall.

## COUNT I

## MARLENE McDONALD V. NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK')

## NEGLIGENCE

9. Plaintiff incorporate paragraphs 1- 8 as though fully set forth herein at length.

10. At all times relevant herein, Defendant was engaged in the business of a common carrier, for which it owned and operated passenger trains which were traveling from Stockton, California to Fresno, California and elsewhere.

11. Defendant had a duty of care to its passengers such as Plaintiff, in the operation of its trains and conduct of its business of operating trains.

12. As the train was arriving at the Station in Fresno, California, it was so carelessly and negligently operated by the agents, servants, workers or employees of Defendant that the train jerked

violently, throwing Plaintiff, **MARLENE McDONALD**, to the floor of the train car causing her severe and permanent physical injuries set forth above.

13.   At the time of the incident, Defendant's train was being operated by agents, servants, workers or employees of Defendant engaged in Defendant's business with the scope of their employment.

14.   At the time of the incident, Defendant by its agents, servants, workers or employees was negligent as follows:

(a) Failing to exercise the utmost skill, diligence and foresight for the protection of their passengers in the operation of the train;

(b) Failing to maintain the train under adequate control at the time;

(c) Operating the train in such a manner as to fail to exercise due regard for the rights and position of the passengers therein, including Plaintiff, **MARLENE McDONALD**;

(d) Failing to warn Plaintiff, **MARLENE McDONALD**, of the impending jerk of the train as it was at the station in Fresno, California, when Defendant knew or reasonably should have known that passengers therein, including Plaintiff, **MARLENE McDONALD**, would not necessarily be seated or restrained in their seats in any way and could reasonable by preparing to depart the train;

(e) Failing to issue adequate safety instructions or warnings to passengers, including Plaintiff, **MARLENE McDONALD**, regarding impending sudden movements of the train at or near the routine stop in Fresno, California;

(f) Failing to maintain its trains, rails and tracks, switches, detour and other equipment in a safe and reasonable condition;

(g) Failing to train its employees properly in the operation of the train;

(h) Entrusting the operation of the train to agents, servers, workers or employees who were not capable of operating the trains in a safe and reasonable manner;

(i) Failing to operate the train with the required degree of care and skill to safely transport passengers;

15. Defendant's duty is not unlike the duty of an airline to inform its passengers about turbulent air, and such warnings are provided by signs, audio signals, as well as the aircraft's intercom system.

16. Defendant has a similar duty to inform its passengers when the train switches tracks, brakes, accelerates suddenly, or causes any sort of jerking type of motion in any type of manner which would cause a foreseeable harm to passengers.

17. Defendant by and through its agents, servants, workers or employees did not provide any notice or warning to Plaintiffs and, as such, breached its duty.

18. Defendant's breach of its duties, as stated, caused Plaintiff damages and losses.

19. Solely as a result of the incident, Plaintiff, **MARLENE McDONALD**, was caused to suffer severe physical and mental injuries as set forth above

20. As a direct and proximate result of the injuries sustained, Plaintiff, **MARLENE McDONALD**, suffers and will continue to suffer from physical and mental pain, anguish, suffering and inconvenience.

21. As a direct and proximate result of the injuries caused by Defendant's negligence, Plaintiff, **MARLENE McDONALD**, has been prevented from engaging in and enjoying her normal and customary occupations, activities and pleasures of life.

22. As a direct and proximate result of the injuries caused by Defendant's negligence, Plaintiff, **MARLENE McDONALD**, has and continues to incur costs for transportation by ambulance, hospital treatment; medical treatment as well as medicines and assistive devices, assistance in and around his home for services he had previously provided himself, transportation to and from medical treatment and appointments as well as other expenses according to proof at trial.

23. **WHEREFORE**, Plaintiff, **MARLENE McDONALD**, demands judgment against Defendant for damages in excess of four million dollars ($4,000,000.00) plus interest and costs of suit.

\\\

\\\

## COUNT II

## MARLENE McDONALD V. NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK')

### NEGLIGENCE PER SE

24. Plaintiffs incorporate by reference paragraphs, 1-23 as if fully set forth herein at length.

25. Defendant knew or should have known that while stopped at a train station experience a, jerking type motion, that creates a dangerous condition.

26. Defendant knew or should have known that it is foreseeable that such dangerous conditions could cause its passengers physical harm, harm and resulting damages and losses.

27. Defendant's failure to prevent harm to its commercial passengers when it is stopped at a train station and the train experiences a jerking type of motion, substantiates a claim of negligence per se.

### DEMAND FOR JUDGMENT

WHEREFORE, plaintiffs respectfully request judgment against defendant in their favor, including:

(a) Compensatory damages against Defendant in an amount sufficient to compensate Plaintiff, **MARLENE McDONALD** for the injuries caused by, and expenses incurred as a result of Defendant's negligent, careless and reckless conduct exceeding the sum of four million ($4,000,000.00) in an amount to be determined by proof at trial;

(b) Compensatory damages against Defendant in an amount sufficient to compensate Plaintiff,

(c) For Plaintiffs' attorney fees and costs; and

(d) A jury trial on all issues so triable;

(e) For any other further relief as the court deems proper.

DATED: August 12, 2021

Respectfully Submitted,

*/s/ Daniel L. Harralson/*

DANIEL L. HARRALSON, ESQ.
Attorney for Plaintiffs